RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8 / 10 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FRANK BOATSWAIN | CIVIL ACTION NO. 1:12-CV-704 |
| VERSUS | JUDGE DRELL |
| RICARDO MARTINEZ, WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is another application for writ of habeas corpus under 28 U.S.C. §2241 filed by Frank Boatswain. Petitioner is an inmate in the custody of the Bureau of Prisons (BOP) incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He claims that he was denied due process with regard to a disciplinary conviction for which he lost good time credits. He also claims that he has "newly discovered evidence" that can prove his innocence.

*Factual Background*

According to Boatswain's exhibits, on October 18, 2009, a USP-P staff member monitored a telephone call placed from Petitioner's telephone account on October 17, 2009.[1] Approximately two minutes into the call, Petitioner stated, "Play these numbers for me... 252, and I had a dream about 933, and play 3529." [Doc. #1-3] The person on the other end of the line (identified now by Petitioner as his cousin Josiah) said "hold on" and there was a pause in the

---

[1] This is not Petitioner's first disciplinary conviction for "Use of the Telephone for Abuses other than Criminal". He previously filed a 2241 habeas petition regarding another disciplinary conviction for the same charge arising out of another phone call placed in October 2009. [1:12-cv-388 WDLA]

conversation. Josiah came back on the line and Petitioner asked what happened. Josiah stated, "Nothing." Petitioner then said "try another one." There was another pause and then a female came on the line and Petitioner talked to her for about two minutes. Then Josiah came back on the line. Petitioner was charged with a disciplinary violation for making a three way phone call.

Petitioner claims that the woman he spoke with was actually in Josiah's vehicle, and Josiah simply passed the phone over to her while he was driving. The disciplinary hearing officer found that the series of numbers Petitioner gave to Josiah - *252-933-3529* - is actually a phone number on Petitioner's approved call list. It was determined that Petitioner had Josiah make a three-way telephone call to that number in order to circumvent telephone monitoring procedures. [Doc. #1-3, p.5/26]

Petitioner maintains that Josiah's telephone records from 2009 would prove that no three-way call was made from Josiah's phone on the date and time in question. To date, those 2009 phone records have not been obtained by Plaintiff.[2]

In addition to proclaiming his innocence, Petitioner claims that he was denied due process with regard to the disciplinary

---

[2]Petitioner claims that the cell phone records are forthcoming as he has made a request for them under the Freedom of Information Act (FOIA). However, that law provides, generally, that any person has a right **to obtain access to federal records**. http://www.foia.gov/about.html. Petitioner's cousin's cell phone records with AT&T are not federal records subject to disclosure under the FOIA.

charge and hearing.

## Law and Analysis

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: **(1) adequate notice** of the alleged violation; (2) an **opportunity to present evidence**; (3) **written findings** in support of the ruling; and (4) the requirement that upon review, **"some evidence" support the ruling**. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985); Wolff, supra, at 556.

1. Adequate notice

Petitioner complains that he received improper notice of the report because a "regular" (non-Lieutenant) correctional officer left the write-up in the crack of the cell door, did not verbally advise Petitioner of his rights, and did not ask if he wished to make a statement. Plaintiff claims that this type of notice that he was provided violates BOP Program Statement 5270.08.[3] Presuming that notice was provided as Plaintiff alleged and not in accordance

---

[3]This program statement was amended in 2001 and is now 5270.09.

3

with the program statement, Plaintiff has nonetheless failed to state a claim. It is well-settled that the agency's failure to comply with its own regulations does not necessarily state a constitutional claim. See <u>Jackson v. Cain</u>, 864 F.2d 1235, 1251 (5th Cir. 1989)(failure to follow procedural regulations "does not establish a violation of due process, because constitutional minima may nevertheless have been met" (internal quotation and citation omitted)). The notice was delivered to Petitioner on October 19, 2009, he was in his cell when the notice was provided, and he admits that he received the notice. The notice was adequate.

  2.  *Opportunity to Present Evidence*

Petitioner does not allege that he was deprived of a hearing or the opportunity to present evidence. In fact, it is clear from his memorandum that he received a hearing, and that he and his cell mate were both allowed to testify at the hearing. [Doc. #1-2, p.4/10] He claims that he tried to obtain his cousin's telephone records from AT&T, but his cousin was unable to download them from the AT&T website.

  3.  *Written Findings*

Petitioner does not allege that the DHO failed to provide him with written findings. It is evident that he received written findings as he appealed same to the regional and national levels.

  4.  *Some Evidence*

Finally, there is at least "some evidence" supporting the

4

ruling of the DHO. The telephone call was recorded and reviewed. Petitioner speaks to his cousin, and then to a female, and then again to his cousin again during the one phone call. Moreover, the series of numbers called out by Petitioner "252-933-3529" is a telephone number on Petitioner's call list. It is evident that Petitioner was afforded the procedural safeguards discussed in Wolff.

*Conclusion*

For the foregoing reasons **IT IS RECOMMENDED** that the Petition be denied and dismissed with prejudice.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

the District Court, except upon grounds of plain error. <u>See</u> <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 10th day of August, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE